UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. SILSBY, | ) | Case No. 1:09-CV-00998 |
| | ) | |
| Petitioner, | ) | Judge Kathleen M. O'Malley |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| BENNIE KELLY, WARDEN, | ) | (resolving ECF #1) |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

William Silsby has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. §2254. Petitioner pled guilty and was convicted in the Lake County Court of Common Pleas of one count of attempted murder with a firearm specification, one count of having weapons while under disability, and one count of grand theft of a motor vehicle. (Docket #5, Exhibits 2, 3). Mr. Silsby was sentenced to serve consecutive sentences for a total term of 18 years incarceration. (*Id.*, Exhibit 3).

On February 21, 2006, Mr. Silsby appealed his sentence to the Ohio Eleventh District Court of Appeals alleging that the trial court (1) erred when it sentenced him "based upon findings not supported by the record"; (2) violated his "rights to equal protection and due process *** when it sentenced him contrary to R.C. §2929.11(B)"; and (3) erred when it sentenced him "to maximum and consecutive sentences based upon a finding of factors not found by the jury or admitted by Defendant" in violation of his right to trial by jury. (*Id.*, Exhibit 7). The state appellate court remanded the case for re-sentencing "based upon the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1 (2006). (*Id.*, Exhibit 9).

2

On February 22, 2007, Mr. Silsby was re-sentenced to the same sentence previously imposed. (Docket #5, Exhibit 11). Mr. Silsby timely appealed his re-sentence to the Ohio Eleventh District Court of Appeals alleging that the trial court erred when it: (1) sentenced him to more than the minimum and to maximum and consecutive prison terms in violation of the due process and ex post facto clauses; (2) sentenced him to more than the minimum and to maximum and consecutive prison terms in violation of his due process rights; (3) sentenced him to more than the minimum and to maximum and consecutive prison terms based on the Supreme Court's severance of offending legislative provisions in *Foster*, which was an act in violation of the separation of powers; (4) sentenced him to more than the minimum and to maximum and consecutive prison terms "contrary to the rule of lenity"; and (5) sentenced him to more than the minimum and to maximum and consecutive prison terms "contrary to the intent of the Ohio legislators." (*Id*, Exhibit 13). The appellate court affirmed the decision of the trial court on October 22, 2007. (*Id.*, Exhibit 15).

On November 7, 2007, Mr. Silsby timely appealed to the Supreme Court of Ohio and raised five propositions of law: (1) the trial court violated his rights under the due process and ex post facto clauses when it sentenced him to consecutive and maximum sentences "that were not available to the court at the time the individual committed the offense;" (2) the trial court violated his due process rights when it sentenced him to maximum and consecutive sentences "with no additional findings made by a jury and when the individual had no actual or constructive notice of the possible sentences"; (3) the trial court violated the separation of powers principle when it sentenced him to a maximum and consecutive sentence "based on this Court's severance of the offending statute provisions under *Foster*"; (4) the trial court violated the "Rule of Lenity" when it imposed maximum and consecutive sentences "upon an individual where the Rule of Lenity dictated a lesser penalty";

and (5) "[t]he trial court's decision to sentence [him] to maximum and consecutive prison terms is contrary to the intent of the Ohio legislature who drafted sentencing provisions with the clear intent of limiting judicial discretion to impose such sentences." (*Id.,* Exhibit 17).  On February 6, 2008, the Supreme Court of Ohio denied Mr. Silsby leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*Id.*, Exhibit 19).

Mr. Silsby  timely filed the instant petition on April 30, 2009, under 28 U.S.C. §2254, and presents one ground for relief:

> **Ground for Relief No. 1**: The severance remedy that the Ohio Supreme Court set forth in *State v. Foster*, 109 Ohio St.3d 1 (2006), violates the ex post facto doctrine and Due Process Clause of the United States Constitution. (Docket #1 at 6).

Respondent answered opposing the petition (Docket #5).  Mr. Silsby filed a traverse. (Docket #6).

### I. *FACTUAL BACKGROUND*

Mr. Silsby was convicted after pleading guilty.  Thus, the factual basis for Mr. Silsby's conviction is not set forth in either of the appellate decisions; i.e., *State v. Silsby,* 2006 WL 3000430 (Ohio App. 11 Dist.)("State Court Decision 1") or *State v. Silsby*, 2007 WL 3052716 (Ohio App. 11 Dist.)("State Court Decision 2").

### II. *LAW AND ANALYSIS*

For purposes of federal collateral review, all claims adjudicated on their merits by state courts are governed by 28 U.S.C. §2254(d)(1) and (2), which  extends the  permissible range of federal review of state convictions as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to

>any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - - -
>
>(1) resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding (emphasis supplied).

A district court has very restricted Congressionally-granted powers for review under 28 U.S.C. §2254(d). See *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000)*; Bell v. Cone*, 535 U.S. 685 (2002). The habeas applicant must show either that the state decision was "contrary to" or an "unreasonable application" of Supreme Court precedent. The phrases "contrary to" and "unreasonable application" are not the same. Under the "contrary to" standard of review, the state court's decision is "contrary to" clearly established federal law when it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [this] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003); *Williams,* 529 U.S. at 405-06; *Mitchell v. Esparza*, 540 U.S. 12, 15 (2003). Under those circumstances the Supreme Court has held that the federal court on habeas review may grant the writ. *Id.* The phrase "clearly established Federal law" refers to holdings, as opposed to *dicta,* of the U.S. Supreme Court at the time of the relevant state court decision. *Lockyer*, 538 U.S. at 71-72; *Williams*, 529 U.S. at 412; *Bell*, 535 U.S. at 698.

Under the "unreasonable application" standard, "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005); *Williams*, 529 U.S. at 413; *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). This includes both the

5

state court's refusal to extend and/or its unreasonable extension of existing legal principles from Supreme Court precedent to new contexts. See *Williams*, 529 U.S. at 407. The unreasonable application of Supreme Court precedent must, however, be "objectively" unreasonable. *Id.* at 409; *Wiggins,* 539 U.S. at 520-21. When the state court has rendered a decision, the federal reviewing court may not grant the writ in its "independent review of the legal question." *Lockyer*, 538 U.S. at 75. When there has been an "unreasonable application" of clearly established federal law, then no deference is due to the state decision and the federal court is free to resolve the claim independently.

>In support of his sole ground for relief, Mr. Silsby states:
>
>During the time the offenses occurred in the instant case, factual findings mandated by the Ohio Revised Code were required to be made before non-minimum, maximum, and/or consecutive sentences could be imposed. Subsequent to *State v. Foster*, those findings were stripped from Ohio's sentencing proceedings, and Mr. Silsby was sentenced without the procedural protections that were associated with those findings. Further, *Oregon v. Ice* makes it apparent that Ohio's statutory provisions re consecutive sentencing were never unconstitutional, thus the *Foster* remedy acted to [sic] arbitrarily to strip Mr. Silsby of the process afforded by those statutory provisions.

(Emphasis added). (Docket #1 at 6).

>In considering this issue on appeal, the appellate court held that:
>
>[T]he identical issues contained in appellant's assignments of error have been addressed by this court in *State v. Elswick*, [2006 WL 3833868 (Ohio App. 11 Dist.)]. FN1 Thus, based on our decision in Elswick, appellant's assignments of error are without merit.
>
>>FN1. In *Elswick*, the appeal dealt with more than the minimum sentences. However, the same analysis applies to maximum and consecutive sentences.

(State Court Decision 2 at ¶16).

6

"In *Elswick*, the same court of appeals identified the correct Supreme Court precedent with respect to ex post facto laws and held that the decision of the Supreme Court of Ohio in *Foster* did not violate the Ex Post Facto or Due Process Clauses because, prior to *Foster*, 'individuals who decided to commit crimes were aware of what the potential sentences could be for the offenses committed.'" *Semala v. Duffey*, 2009 WL 2515629 (N.D.Ohio)(Gwin, J.), *quoting Elswick* at ¶ 23, *citing* O.R.C. §2929.14(A). Further, there "was no legislative alteration of Ohio's sentencing code post *Foster* [and the defendant in *Elswick*, just like Mr. Silsby] was sentenced after *Foster* .... was decided [in February 2007]." (*Semala, supra, quoting Elswick* at ¶24). The *Elswick* court concluded that it could not hold "that Foster violates federal notions of due process as established in *Bouie v. Columbia*, 378 U.S. 347 (1964) .... [because the defendant] knew the potential statutory sentence, had notice that Ohio's sentencing statutes were subject to judicial scrutiny, and was unlikely to amend his criminal behavior in light of a sentencing change." *Id*. at ¶25.

In his traverse, Mr. Silsby argues that according to "the sentencing statutes in effect in 2004, there was a presumption that Mr. Silsby would be given minimum concurrent sentences, unless a judge made the findings required by statute." (Docket #6 at 6). Mr. Silsby maintains that subsequent to *Foster*, which eliminated "the statutory protections against non-minimum, non-concurrent sentences that existed in 2004, Mr. Silsby was sentenced in 2007 to non-minimum and consecutive terms." *Id.* Mr. Silsby states that he "could not have foreseen that the state supreme court would delete the portions of Senate Bill 2 that created presumptive minimum, concurrent sentences, and replace those statutory provisions with a grant to Ohio's trial courts of unfettered unreviewable discretion to impose maximum and consecutive sentences." (*Id.* at 7). Mr. Silsby argues that the state appellate court did not address this argument or the precedent set forth in *Miller v. Florida*, 482

7

U.S. 423 (1987), which, according to Mr. Silsby, "determined that the Ex Post Facto and Due Process Clauses were violated when a trial court applied Florida's revised sentencing statutes [1] to a defendant whose crimes occurred before the revisions took place." (*Id.* at 5).

>This District addressed the impact of *Miller* vis-a-vis *Foster* in *Woody v. Welch*, holding that:
>
>The revised statute applied to Miller was a legislative enactment. As previously noted, the Ex Post Facto Clause applies to states, which act through their legislatures. It extends to courts only as far as is determined by the Supreme Court. While a court may not unexpectedly and indefensibly construe a criminal statute so as to criminalize conduct which had not been criminal prior to the court's new construction, see *Bouie*, the Supreme Court has never said that retroactively applying a judicial reconstruction of a statute violates the Ex Post Facto Clause. Miller and Woody's case do not reach conclusions opposite to one another on materially indistinguishable facts. It cannot be said on the basis of *Miller*, therefore, that the Ohio courts reached a decision in contrary to federal law as found in a holding of the Supreme Court when they found that Woody's sentence did not violate the Ex Post Facto Clause.

*Woody v. Welch*, 2009 WL 1440828 at *9 (N.D. Ohio)(Oliver, J.).

This District has likewise addressed Mr. Silsby's due process argument base on *Bouie*. In *Dean v. Timmerman-Cooper*, 2009 WL 3261634 (N.D. Ohio)(O'Malley, J.), the Court analyzed *Elswick* and found particular portions directly on point. With regard to the issue of *Foster's* impact on due process protections, the *Dean* Court determined that:

>With respect to the federal constitutional considerations, due process guarantees notice and a hearing. The right to a sentencing hearing has not been implicated by *Foster*. Thus, we are only concerned with the issue of warning as to potential sentences. Federal circuit courts have determined that *United States v. Booker* (2005), 543 U.S. 220, does not violate the ex post facto clause because there has been no due process violation.

---

[1] Mr. Silsby acknowledges that in *Miller,* Florida's sentencing guidelines were changed and would have resulted in an increase in the presumptive sentence range of 3.5 to 4.5 years to 5.5 to 7 years. (Docket #6 at 5). Mr. Silsby states that the revision only affected presumptive sentences, not the "range of possible sentences." *Id.*

8

> [As noted in *Elswick*], Appellant knew the potential statutory sentence, had notice that Ohio's sentencing statutes were subject to judicial scrutiny, and was unlikely to amend his criminal behavior in light of a sentencing change. Therefore, this court cannot hold that *Foster* violated federal notions of due process as established in *Bouie*, 378 U.S. 347, and *Rogers*, supra.

*Dean* at *9.

Because the state appellate court correctly addressed, relying on *Elswick,* Mr. Silsby's claims that his post-*Foster* sentencing violated the ex post facto doctrine and the due process clause, Mr. Silsby has not established that the state court decision is contrary to or constituted an unreasonable application of clearly established federal law. Moreover, it cannot be said that on the basis of *Miller*, the state court reached a decision that was "contrary to" or an "unreasonable application" of Supreme Court precedent contrary to federal law.

### III.  *CONCLUSION AND RECOMMENDATION*

Following review of the arguments raised in the petition and applicable law, petitioner has not demonstrated that she was in custody pursuant to state court judgment that resulted from a decision that is "contrary to" or involved in an "unreasonable application" of federal law as determined by the Supreme Court of the United States. See 28 U.S.C. §2254(d)(1). Further, there has been no demonstrated need for an evidentiary hearing and the petition for habeas corpus relief under 28 U.S.C. §2254 should be denied and dismissed.

           /s/James S. Gallas
         United States Magistrate Judge

9

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: October 28, 2009