UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM J. SILSBY,** | : | Case No. 1:09-CV-998 |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| **BENNIE KELLY,** | : | **MEMORANDUM & ORDER** |
| Respondent. | : | |

On April 30, 2009, William J. Silsby filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court then referred this case to Magistrate Judge James S. Gallas ("Judge Gallas"), ultimately for preparation of a Report and Recommendation ("R&R") regarding Silsby's petition. (Doc. 2.) On August 18, 2009, Respondent filed an Answer/Return of Writ. (Doc. 5.) On September 17, 2009, Silsby filed a Reply/Traverse. (Doc. 6.) On October 28, 2009, Magistrate Judge Gallas issued his R&R recommending that this Court deny Silsby's petition and dismiss this case. (Doc. 7.) On November 11, 2009, Silsby filed objections to that R&R. (Doc. 8.)

The Court agrees with the R&R's conclusion that Silsby has failed to demonstrate that the state court rulings are contrary to, or involved an unreasonable application of, clearly established Federal law. As outlined in greater detail below, Silsby's petition must be **DENIED** and his case **DISMISSED**.

## I. BACKGROUND

The R&R sets forth the factual and procedural background of this case accurately (Doc. 7 at 1-3), and the Court adopts the R&R's articulation of that background. Because it is critical to understanding this petition, however, the Court will reiterate those facts here:

> Petitioner pled guilty and was convicted in the Lake County Court of Common Pleas of one count of attempted murder with a firearm specification, one count of having weapons while under disability, and one count of grand theft of a motor vehicle. [At the time of his crimes and his initial conviction, Ohio's sentencing guidelines required trial judges to make certain findings of fact in order to impose a sentence above the minimum possible.  Under these guidelines,] Mr. Silsby was sentenced to serve consecutive sentences for a total term of 18 years incarceration.
>
> On February 21, 2006, Mr. Silsby appealed his sentence to the Ohio Eleventh District Court of Appeals alleging that the trial court (1) erred when it sentenced him 'based upon findings not supported by the record'; (2) violated his 'rights to equal protection and due process *** when it sentenced him contrary to R.C. §2929.11(B)'; and (3) erred when it sentenced him 'to maximum and consecutive sentences based upon a finding of factors not found by the jury or admitted by Defendant' in violation of his right to trial by jury. [While his appeal was pending, the Supreme Court of Ohio, in *State v. Foster*, 109 Ohio St.3d 1 (2006), found that Ohio's sentencing guidelines violated a defendant's Sixth Amendment rights by allowing a judge to increase sentences based on facts not found by a jury.  The court severed those portions of the Ohio guidelines requiring judges to make findings of fact before imposing more than the minimum possible sentence, and it made the new guidelines retroactive.]  The state appellate court [thereafter] remanded the case for re-sentencing 'based upon the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1 (2006).'
>
> On February 22, 2007, Mr. Silsby was re-sentenced to the same sentence previously imposed.  Mr. Silsby timely appealed his re-sentence to the Ohio Eleventh District Court of Appeals alleging that the trial court erred when it: (1) sentenced him to more than the minimum and to maximum and consecutive prison terms in violation of the due process and ex post facto clauses; (2) sentenced him to more than the minimum and to maximum and consecutive prison terms in violation of his due process rights; (3) sentenced him to more than the minimum and to maximum and consecutive prison terms based on the Supreme Court's severance of offending legislative provisions in Foster, which was an act in violation of the separation of powers; (4) sentenced him to more than the minimum and to maximum and consecutive prison terms 'contrary to the rule of lenity'; and (5) sentenced him to more than the minimum and to maximum and consecutive prison terms 'contrary to the intent of the Ohio legislators.'  The appellate court [relying on a previous decision, *State v. Elswick*, No. 2006-L-0075, 2006 WL 3833868, (Ct. App. Ohio 11th Dist. Dec. 29. 2006)], affirmed the decision of the trial court on October 22, 2007.

>On November 7, 2007, Mr. Silsby timely appealed to the Supreme Court of Ohio and raised five propositions of law: (1) the trial court violated his rights under the due process and ex post facto clauses when it sentenced him to consecutive and maximum sentences "that were not available to the court at the time the individual committed the offense;" (2) the trial court violated his due process rights when it sentenced him to maximum and consecutive sentences 'with no additional findings made by a jury and when the individual had no actual or constructive notice of the possible sentences'; (3) the trial court violated the separation of powers principle when it sentenced him to a maximum and consecutive sentence 'based on this Court's severance of the offending statute provisions under Foster'; (4) the trial court violated the 'Rule of Lenity' when it imposed maximum and consecutive sentences 'upon an individual where the Rule of Lenity dictated a lesser penalty'; and (5) '[t]he trial court's decision to sentence [him] to maximum and consecutive prison terms is contrary to the intent of the Ohio legislature who drafted sentencing provisions with the clear intent of limiting judicial discretion to impose such sentences.' On February 6, 2008, the Supreme Court of Ohio denied Mr. Silsby leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (Id., Exhibit 19).
>
>Mr. Silsby timely filed the instant petition on April 30, 2009, under 28 U.S.C. §2254, and presents one ground for relief:
>
>'Ground for Relief No. 1: The severance remedy that the Ohio Supreme Court set forth in *State v. Foster*, 109 Ohio St.3d 1 (2006), violates the ex post facto doctrine and Due Process Clause of the United States Constitution.'

(Doc. 7 at 1-3) (citations omitted).

## II. LAW AND STANDARD OF REVIEW

Because Silsby filed his habeas petition on April 30, 2009, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's review of that petition. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), cert. denied, 522 U.S. 1112 (1998); *see also Woodford v. Garceau*, 538 U.S. 202, 210 (2003). AEDPA provides that when a federal habeas claim has been adjudicated by the state courts, a writ shall not issue unless the state adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *see also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

3

**III. DISCUSSION**

Judge Gallas concluded correctly that Silsby's asserted grounds for relief were not well-taken. Silsby's sole ground for relief in this petition is that "[t]he severance remedy that the Ohio Supreme Court set forth in *State v. Foster*, 109 Ohio St.3d 1 (2006), violates the ex post facto doctrine and Due Process Clause of the United States Constitution." (Doc. 1.) The problem for Silsby is that:

> every member of this Court to have considered an ex post facto [or due process] challenge to the retroactive application of *Foster* has rejected it. *See McGhee v. Konteh*, No. 1:07CV1408, 2008 U.S. Dist. LEXIS 7970 (N.D. Ohio Feb. 1, 2008) (Nugent, J.); *Lyles v. Jeffreys*, No. 3:07CV1315, 2008 U.S. Dist. LEXIS 33822 (N.D. Ohio Apr. 24, 2008) (Oliver, J.); *Cooper v. Hudsman*, No. 3:07CV610, 2008 U.S. Dist. LEXIS 37070 (N.D. Ohio May 5, 2008) (Polster, J.); *Watkins v. Williams*, No. 3:07CV1296, 2008 U.S. Dist. LEXIS 47557 (N.D Ohio June 17, 2008) (Adams, J.); *Keith v. Voorhies*, No. 1:06CV2360, 2009 U.S. Dist. LEXIS 4726 (N.D. Ohio Jan. 23, 2009) (Lioi, J.); *McKitrick v. Smith*, No. 3:08CV597, 2009 U.S. Dist. LEXIS 35638 (N.D. Ohio Apr. 21, 2009) (Gaughan, J.); *Orwick v. Jackson*, Case No. 3:09CV0232, 2009 U.S. Dist. LEXIS 108467 (N.D. Ohio Nov. 20, 2009), (Boyko, J.); *Newsome v. Brunsman*, No. 1:08CV1938, 2010 U.S. Dist. LEXIS 4432 (N.D. Ohio Jan. 20, 2010) (Zouhary, J.) . . . .

*Lininger v. Welch*, 2010 U.S. Dist. LEXIS 62955 (N.D. Ohio June 23, 2010) (Gwin, J.) (selective citation omitted). This Court, indeed, rejected recently the very argument now made by Silsby. *See Ashley v. Gansheimer*, Case No. 08cv2556, 2010 U.S. Dist. LEXIS 46557, at *8 (N.D. Ohio May 12, 2010).[1]

---

[1] Silsby does present one argument that this Court did not have the opportunity to address in *Ashley*. He argues that the Supreme Court's 2009 ruling in *Oregon v. Ice* indicates that the Ohio Supreme Court never needed to invalidate its sentencing scheme at all. Even assuming that *Ice* has this effect, a question upon which the Supreme Court of Ohio will apparently soon rule, *see Ashipa v. Knab*, Case No. 08cv879, 2010 U.S. Dist. LEXIS 63778, at *6 (S.D. Ohio June 28, 2010), this does not retroactively invalidate *Foster*. As another court explained recently:

> since [Petitioner] was not constitutionally entitled to the pre-*Foster* presumption of judicial factfinding prior to the imposition of non-minimum or consecutive sentences, and (2) since the possibility of a maximum sentence or consecutive sentences was known to [Petitioner] prior to committing his crimes, he (3) suffered no constitutional injury by being re-sentenced to a greater than minimum or consecutive sentence after

IV. **CONCLUSION**

For the foregoing reasons, this Court **ADOPTS** the R&R (Doc. 11) and **DENIES** Silsby's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Accordingly, William J. Silsby's case is **DISMISSED**.

The court certifies, pursuant to 28 USC 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 USC 2253; Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

                                                      s/Kathleen M. O'Malley
                                                      **KATHLEEN McDONALD O'MALLEY**
                                                      **UNITED STATES DISTRICT JUDGE**

Dated: August 11, 2010

---

    *Foster*, regardless of whether the pre-*Foster* element of judicial factfinding in imposing such sentences was later found permissible.

*Kapsouris v. Kerns*, Case No. 4:09cv597, 2010 U.S. Dist. LEXIS 21786, at *25 (N.D. Ohio Feb. 25, 2010), *adopted*, 2010 U.S. Dist. LEXIS 21785 (N.D. Ohio, Mar. 9, 2010) (denying certificate of appealability). *Oregon v. Ice*, indeed, has been cited as *precluding* certain types of a due process and ex post facto claims under *Foster*. *See Allen v. Hudson*, Case No, 08cv1825, 2009 U.S. Dist. LEXIS 120551, at *9-10 (N.D. Ohio Dec. 29, 2009).

5